LYNN M. DEAN (Cal. Bar No. 205562)
Email:  DeanL@sec.gov
PATRICIA PEI (Cal. Bar No. 274957)
Email:  PeiP@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Applicant,<br><br>　　vs.<br><br>TRACSON MCLEOD,<br><br>　　　　Respondent. | Case No. '19CV926 JLS LL<br><br>**SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH INVESTIGATIVE SUBPOENA** |

## I. INTRODUCTION

1. The Securities and Exchange Commission ("SEC") hereby applies to this Court for an Order to Show Cause why an order should not issue requiring Respondent Tracson McLeod ("McLeod") to comply with an investigative subpoena issued to him on December 20, 2018 and properly served on him by the SEC.

2. This Application is based on the accompanying Declaration of Patricia Pei and its attached exhibits concerning relevant factual matters to this proceeding, the Memorandum of Points and Authorities filed in support of this Application, the Proposed Order to Show Cause, and the Proposed Order Compelling Compliance, each of which is filed concurrently, such matters of which judicial notice may be taken, and any other written or oral evidence as may be offered at a hearing on the Application.

## II. JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by Section 22(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77v(b), and Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(c).

4. Venue is proper in the Central District of California because the SEC's investigation is being carried out by the SEC's Los Angeles Regional Office, which is located within this Court's judicial district. *See* 15 U.S.C. § 78u(c).

## III. RESPONDENTS

5. **Tracson McLeod** resides in San Diego, California.

## IV. THE SEC'S INVESTIGATION

6. On April 2, 2018, the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation titled *In the Matter of Cornucopia Consulting, LLC* (SEC File No. LA-4925) ("Formal Order").

7. Among other things, the Formal Order empowers the SEC staff to investigate whether there have been violations of the antifraud and registration

1

provisions of the federal securities laws by Ronald D. Brouillette, Jr. ("Brouillette"); John Dolkart, Jr. ("Dolkart"); and Dignitas Consulting LLC ("Dignitas"), none of whom are registered as broker-dealers, and all of whom have been involved in selling unregistered securities to investors. The Formal Order also designates and authorizes certain SEC staff to issue subpoenas in this investigation to obtain documents and to take testimony.

8. Pursuant to Section 19(c) of the Securities Act, 15 U.S.C. § 77s(c), and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), the Formal Order designates and authorizes certain SEC staff to issue subpoenas in this investigation in order to obtain documents and to take testimony.

9. Through its investigation, the SEC staff has learned that large numbers of penny stocks have been transferred from Brouillette, Dolkart, Dignitas, and other affiliated entities to investors; that Respondent has received payments from Brouillette and these same entities; and that Respondent is likely working for Brouillette.

V. **THE INVESTIGATIVE SUBPOENA ISSUED BY THE SEC**

10. In light of Respondent's apparent involvement in penny stock offerings with Brouillette, Dolkart, Dignitas, and other affiliated entities, the SEC staff issued a subpoena to Respondent on December 20, 2018. The subpoena sought documents and testimony from Respondent, and it is the subpoena that is the subject of this Application. The SEC staff served Respondent at his home address.

11. The SEC's December 20, 2018 subpoena was tailored to obtain information regarding possible violations of the antifraud and registration provisions of the federal securities laws by Brouillette, Dolkart, and Dignitas, none of whom are registered as broker-dealers, and all of whom have been involved in selling unregistered securities to investors. It specifically requested documents concerning McLeod's relationship to, and work performed for, Brouillette, Dolkart, Dignitas, and other affiliated entities, as well as the penny stock issuers to whom those individuals

and entities are connected, including any written agreements or communications between McLeod and any of those individuals or entities. The subpoena also requested all documents and communications concerning any actual or proposed penny stock transactions conducted by McLeod. The subpoena also required Respondent to appear for investigative testimony.

## VI. RESPONDENT HAS NOT PRODUCED RESPONSIVE DOCUMENTS OR APPEARED FOR TESTIMONY

12. The SEC's process server personally served McLeod's roommate at his residence in California on December 27, 2018.[1] That subpoena called for the production of documents by January 14, 2019, and required McLeod to appear for testimony on January 31, 2019.[2]

13. On February 4, 2019, following his failure to appear for testimony or respond to the subpoena in any other way, the SEC sent Mr. McLeod a letter informing him that it could seek to enforce the subpoena in federal court if he did not comply, and setting a final document production deadline of February 13, 2019 and testimony date of February 20, 2019.

14. McLeod did not respond to the initial subpoena or any of the letters sent by the SEC. He has neither produced documents nor appeared for testimony as required by the subpoena.

WHEREFORE, the SEC respectfully requests that:

(a) this Court issue an Order to Show Cause forthwith: (i) directing the Respondent to show cause, if there be any, why this Court should not order the

---

[1] The process server confirmed with the roommate that McLeod was currently residing at that address.

[2] Because of then-ongoing shutdown, on January 22, 2019, the SEC sent Mr. McLeod a letter via UPS overnight informing him that it would be unable to proceed with the January 31 testimony, but that staff would be in contact to reschedule the testimony once normal government operations resumed. On January 29, 2019, the staff sent Mr. McLeod a second letter, also via UPS overnight, reinstating the original testimony date of January 31, 2019. Mr. McLeod did not respond to either letter.

1 | Respondent to produce all documents responsive to the December 20, 2018 subpoena
2 | to a duly designated officer or officers of the SEC in the Formal Order, SEC File No.
3 | LA-4925, and (ii) directing Respondent to show cause, if there be any, why the Court
4 | should not order them to appear to testify before officers of the Securities and
5 | Exchange Commission pursuant to the December 20, 2018 subpoena to them in the
6 | Formal Order, SEC File No. LA-4925;
7 |     (b)    upon return of the Order to Show Cause, this Court issue an Order
8 | directing the Respondent to produce all documents responsive to the December 20,
9 | 2018 subpoena, and directing Respondent to appear to testify before officers of the
10 | Securities and Exchange Commission pursuant to the December 20, 2018 subpoena;
11 | and
12 |     (c)    the SEC be granted such other and further relief as may be appropriate.

Dated: May 16, 2019                                   Respectfully submitted,

                                            s/ Lynn M. Dean
                                         Attorneys for Plaintiff
                                         Email: DeanL@sec.gov
                                         Patricia Pei
                                         Email: PeiP@sec.gov