LYNN M. DEAN (Cal. Bar No. 205562)
Email:  DeanL@sec.gov
PATRICIA PEI (Cal. Bar No. 274957)
Email:  PeiP@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Applicant, | **DECLARATION OF PATRICIA PEI IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH INVESTIGATIVE SUBPOENAS** |
| vs. | |
| TRACSON MCLEOD, | |
| Respondent. | |

1       I, PATRICIA PEI, declare pursuant to 28 U.S.C. § 1746 as follows:

2       1.    This declaration is in support of the Securities and Exchange Commission's ("SEC") Application for an Order to Show Cause and Application for an Order Compelling Compliance with investigative subpoenas issued to Tracson McLeod ("Respondent"). Unless specifically stated, I have personal knowledge of the matters set forth below and, if called as a witness, could and would testify competently thereto under oath.

      2.    I am an attorney admitted to practice law by the State Bar of California. I am currently a Counsel in the Los Angeles Regional Office of the SEC. In the course of my duties with the SEC, I conduct investigations into possible violations of the federal securities laws and regularly issue subpoenas, take testimony, and determine whether there have been violations of the statutes enforced by and regulations promulgated by the SEC.

      3.    I am one of the attorneys assigned to the SEC's formal investigation entitled In the Matter of Cornucopia Consulting, LLC. The SEC file number for this matter is LA-4925.

      4.    The SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony ("Formal Order") in this matter on April 2, 2018. The Formal Order designates and authorizes certain SEC staff to issue subpoenas in this investigation, to obtain documents, and to take testimony. A true and correct copy of the Formal Order is attached as **Exhibit 1**.

      5.    I am conducting this investigation with other SEC staff members exclusively out of the SEC's Los Angeles Regional Office. I am familiar with the investigatory file in this matter, including the orders issued by the SEC in this matter as well as each of the subpoenas issued by the SEC staff in this matter.

      6.    Pursuant to the Formal Order, the SEC staff investigating this matter is seeking information and documents regarding, among other things, possible violations of the antifraud and registration provisions of the federal securities laws by

Ronald D. Brouillette, Jr.; John Dolkart, Jr.; and Dignitas Consulting LLC ("Dignitas"), none of whom are registered as broker-dealers, and all of whom have been involved in selling unregistered securities to investors.

7. Mr. Brouillette was previously a named defendant in an SEC federal district court action brought in 2003, *SEC v. Desjardins et al.*, No. 1:03CV0992(PLF) (D.D.C.), as a result of which a final judgment was entered against him on July 1, 2004. The district court judgment, among other things, permanently enjoined Mr. Brouillette from violating the antifraud (15 U.S.C. §§ 77(a) & 78j(b); 17 C.F.R. § 240.10b-5) and securities registration (15 U.S.C. § 77e) provisions of the federal securities law, and permanently barred Mr. Brouillette "from participating in an offering of any penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock." A true and correct copy of the district court's July 1, 2004 final judgment as to Mr. Brouillette is attached as **Exhibit 2**.

8. The SEC also issued an Order Instituting Proceedings against Mr. Brouillette July 21, 2004, *In the Matter of Ronald D. Brouillette, Jr.*, Admin. Proc. File No. 3-11552, as a result of which the Commission instituted an order making findings and imposing sanctions on August 26, 2004 that permanently barred Mr. Brouillette "from association with any broker-dealer." A true and correct copy of the Commission's August 26, 2004 order as to Mr. Brouillette is attached as **Exhibit 3**.

9. The SEC staff's investigation has uncovered information that indicates that Mr. Brouillette and Mr. Dolkart may be conducting unregistered sales of securities through one or more entities, including Dignitas, Third Coast Partners LLC ("Third Coast"), and Cornucopia Financial Group, Inc. ("Cornucopia Financial").

10. According to the Nevada Secretary of State's website (https://www.nvsos.gov/sos), Dignitas is a Nevada LLC, established on or around March 27, 2013, for whom Mr. Dolkart was previously a manager. A true and

correct copy of the Nevada business entity information for Dignitas is attached as **Exhibit 4**.

11. According to the Nevada Secretary of State's website, Third Coast is a Nevada LLC, established on or around February 20, 2014, for whom Mr. Dolkart is currently the sole manager. A true and correct copy of the Nevada business entity information for Third Coast is attached as **Exhibit 5**.

12. According to the California Secretary of State's website (https://www.sos.ca.gov/), Cornucopia Financial Group, Inc. ("Cornucopia Financial") is a California corporation, established on or around October 21, 2016, for whom Mr. Brouillette is the CEO, CFO, and sole director. A true and correct copy of Cornucopia Financial's most recent Statement of Information, filed on or around November 15, 2018, is attached as **Exhibit 6**.

13. ClearTrust, LLC ("ClearTrust") has produced to the SEC staff the transfer journals for certain penny stock issuers for whom ClearTrust acts as transfer agent. These journals show large numbers of penny stocks being transferred from Dignitas, Third Coast, Cornucopia Financial, and Brouillette to investors, including:

    a. 1,000,000 shares of Immune Therapeutics, Inc. ("IMUN") transferred by Dignitas on May 22, 2017, as shown in the true and correct copy of a penny stock transfer journal entry produced by ClearTrust, attached as **Exhibit 7**;

    b. 2,000,000 shares of IMUN transferred by Third Coast on July 26, 2016, as shown in the true and correct copy of a penny stock transfer journal entry produced by ClearTrust, attached as **Exhibit 8**;

    c. 3,000,000 shares of IMUN transferred by Cornucopia Financial on March 7, 2018, as shown in the true and correct copy of a penny stock transfer journal entry produced by ClearTrust, attached as **Exhibit 9**; and

    d. 800,000 shares transferred by Mr. Brouillette on July 12, 2017, as shown in the true and correct copy of a penny stock transfer journal entry

produced by ClearTrust, attached as **Exhibit 10**.

14. SEC staff has interviewed several witnesses purporting to have knowledge of Mr. Brouillette's business dealings, who have stated that Respondent works for Mr. Brouillette.

15. The SEC staff's investigation has uncovered information that Respondent has received at least $61,100 in payments from Mr. Brouillette, Dignitas, Third Coast, and Cornucopia Financial between August 2014 and June 2018. Examples of such payments include:

    a. A November 6, 2014 cashier's check for $22,500.00, issued to Mr. McLeod from Wells Fargo Bank account number ending -8225 held in the name of Dignitas, as produced by Wells Fargo Bank, a true and correct copy of which is attached as **Exhibit 11**;

    b. A July 15, 2016 check for $1,000.00, issued to Mr. McLeod from Citibank account number ending -6114 held in the name of Dignitas, as produced by Citibank, a true and correct copy of which is attached as **Exhibit 12**;

    c. A January 24, 2017 wire transfer of $200.00 to Mr. McLeod from JPMorgan Chase Bank account number ending -6520 held in the name of Third Coast, as reflected in the monthly account statement produced by JPMorgan Chase Bank, a true and correct copy of which is attached as **Exhibit 13**;

    d. A July 10, 2017 wire transfer of $800.00 to Mr. McLeod from JPMorgan Chase Bank account number ending -2896 held in the name of Cornucopia Financial, as reflected in the monthly account statement produced by JPMorgan Chase Bank, a true and correct copy of which is attached as **Exhibit 14**; and

    e. A December 28, 2018 check for $2,650.00, issued to Mr. McLeod from U.S. Bank account number ending -7508 held in the name of Ronald D. Brouillette, as produced by U.S. Bank, a true and correct copy of which is

attached as **Exhibit 15**.

16. Dunzmy June Nguyen, another individual who works for Mr. Brouillette, has produced documents to the SEC, including apparent email exchanges between Mr. Brouillette and Respondent that include offering documents for shares of penny stock. A true and correct copy of a document produced by Ms. Nguyen to the SEC staff, consisting of a September 17, 2015 email with attachments sent by relaunchconsulting@comcast.net to Mr. McLeod, is attached as **Exhibit 16**.

17. In accordance with the Formal Order for this investigation, I issued an investigative subpoena to Tracson McLeod on December 20, 2018. The subpoena sought documents and testimony from Mr. McLeod. A true and correct copy of the December 20, 2018 subpoena issued to Mr. McLeod is attached as **Exhibit 17**.

18. On December 27, 2018, the subpoena to Mr. McLeod was personally served at what I understand, based on research conducted by the SEC staff, to be Mr. McLeod's home address. The subpoena was left with an adult residing at that address who confirmed he was Mr. McLeod's roommate, and that the address was Mr. McLeod's current residence. A true and correct copy of the personal service confirmation for the subpoena served on Tracson McLeod is attached as **Exhibit 18**.

19. On January 22, 2019, because of the then-ongoing federal government shutdown, the SEC staff sent Mr. McLeod a letter via UPS overnight mail, informing him that we would be unable to proceed with his testimony as scheduled on January 31, 2019, but that staff would be in contact to reschedule the testimony once normal government operations resumed. A true and correct copy of the January 22, 2019 letter to Mr. McLeod is attached as **Exhibit 19**.

20. On January 29, 2019, I sent Mr. McLeod a letter via UPS overnight mail, reinstating the original testimony date of January 31, 2019, and inviting him to contact me if he needed to reschedule. A true and correct copy of the January 29, 2019 letter to Mr. McLeod is attached as **Exhibit 20**.

21. On February 4, 2019, after receiving no response from Mr. McLeod to

the SEC subpoena served on him, I sent him a letter via UPS overnight mail informing him that he had failed to comply with the December 20th subpoena and that the SEC would be forced to evaluate its remedies. The letter called for Mr. McLeod to produce all responsive documents by February 13, 2019, and to make himself available for testimony on a mutually agreeable date on or before February 29, 2019. The letter noted that in the absence of agreement on a testimony date, Mr. McLeod's testimony would take place on February 20, 2019, at the SEC's Los Angeles Regional Office. A true and correct copy of the February 4, 2019 letter to Mr. McLeod is attached as **Exhibit 21**.

22. A true and correct copy of the UPS delivery confirmation for the February 4, 2019 letter sent to Mr. McLeod is attached as **Exhibit 22**.

23. Mr. McLeod never responded to the SEC's subpoena or its subsequent correspondence, and he has neither produced documents nor made himself available for testimony as required by the subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of May, 2019 in Los Angeles, California.

s/ Patricia Pei
Attorney for Plaintiff
Email: PeiP@sec.gov