SEC v. McLeod
Case No.

# TABLE OF CONTENTS

Declaration of Patricia Pei In Support of Application for an Order to Show Cause and Application for an Order Compelling Compliance with Investigative Subpoenas…….….1

Exhibit 1 to Pei Declaration…………………………………………………….............7

Exhibit 2 to Pei Declaration ……………………………………………………............10

Exhibit 3 to Pei Declaration ……………………………………………………....…22

Exhibit 4 to Pei Declaration…………………………………………………....……24

Exhibit 5 to Pei Declaration ……………………………………………………............26

Exhibit 6 to Pei Declaration………………………………………………………...28

Exhibit 7 to Pei Declaration…………………………………………………….…..29

Exhibit 8 to Pei Declaration………………………………………………………...31

Exhibit 9 to Pei Declaration……………………………………………………..…..35

Exhibit 10 to Pei Declaration………………………………………………….…36

Exhibit 11 to Pei Declaration……………………………………………....……..37

Exhibit 12 to Pei Declaration……………………………………………………..…40

Exhibit 13 to Pei Declaration………………………………………………….………41

Exhibit 14 to Pei Declaration…………………………………………………….………45

Exhibit 15 to Pei Declaration……………………………………………………..…51

Exhibit 16 to Pei Declaration………………………………………………..…….52

Exhibit 17 to Pei Declaration……………………………………………………….…78

Exhibit 18 to Pei Declaration………………………………………………………...…108

Exhibit 19 to Pei Declaration………………………………………………………...…109

Exhibit 20 to Pei Declaration………………………………………………………...…110

Exhibit 21 to Pei Declaration………………………………………………………...111

Exhibit 22 to Pei Declaration……………………………………………………...…142

# EXHIBIT 1

# NON-PUBLIC

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
April 2, 2018

| | |
|---|---|
| **In the Matter of**<br><br>    **Cornucopia Consulting, LLC**<br><br>LA-04925 | **ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY** |

**I.**

The Commission's public official files disclose that:

A.    Ronald D. Brouillette, Jr. ("Brouillette") was: (a) enjoined from violating Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), and Sections 10(b) and 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder; (b) barred from participating in any penny stock offering; and (c) barred from association with any broker-dealer. *In the Matter of Ronald D. Brouillette, Jr.*, Admin. Proc. File No. 3-11552, Release No. 50268 (Aug. 26, 2004).

**II.**

The Commission has information that tends to show that from at least 2013:

A.    Cornucopia Consulting, LLC ("Cornucopia") is a California limited liability company with its principal place of business in Encinitas, California. Cornucopia is not registered with the Commission in any capacity.

B.    Dignitas Consulting LLC ("Dignitas") is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. Dignitas is not registered with the Commission in any capacity.

C.    Brouillette, age 55, resides in Encinitas, California, and is affiliated with Cornucopia. Brouillette was previously a registered representative, but has not been associated with a broker-dealer since August 1999.

D.    John E. Dolkart, Jr. ("Dolkart"), age 37, resides in San Diego, California. Dolkart is an attorney licensed by the State Bar of California, and is affiliated with Dignitas. Dolkart is not registered with the Commission in any capacity, and not affiliated with a registered broker-dealer or investment adviser.

Exhibit 1
Page 7

E.      In possible violation of Section 15(a) of the Exchange Act, Brouillette, Dolkart, Cornucopia, Dignitas, and their officers, directors, employees, partners, subsidiaries, and/or affiliates, and/or other persons or entities, while acting as a broker or dealer, may have been or may be effecting transactions in or inducing or attempting to induce the purchase or sale of securities when such persons or entities were and are not registered with the Commission as a broker or dealer or when such persons were and are not associated with an entity registered with the Commission as a broker-dealer.  While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of the mails or any means or instrumentality of interstate commerce.

F.      In possible violation of Section 15(b)(6)(B)(i) of the Exchange Act, Brouillette and/or other persons or entities may have been or may be willfully becoming, without the consent of the Commission, associated with a broker or dealer in contravention of an order in effect as to such persons or entities under Section 15(b)(6)(A) of the Exchange Act.

G.      In possible violation of Section 17(a) of the Securities Act, Brouillette, Dolkart, Cornucopia, Dignitas, and their officers, directors, employees, partners, subsidiaries, and/or affiliates, and/or other persons or entities, directly or indirectly, in the offer or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, obtaining money or property by means of untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, or engaging in transactions, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon the purchaser.  As part of or in connection with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact and omitting to disclose material facts concerning, among other things, the use of investor funds.  While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be using any means or instruments of transportation or communication in interstate commerce or using the mails.

H.      In possible violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Brouillette, Dolkart, Cornucopia, Dignitas, and their officers, directors, employees, partners, subsidiaries, and/or affiliates, and/or other persons or entities, directly or indirectly, in connection with the purchase or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, making untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were or are made, not misleading, or engaging in acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon any person.  In connection with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact and omitting to disclose material facts concerning, among other things, the use of investor funds.  While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

### III.

The Commission, deeming such acts and practices, if true, to be possible violations of Section 17(a) of the Securities Act, and Sections 10(b), 15(a), and 15(b)(6)(B)(i) of the Exchange Act and Rule 10b-5 thereunder, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 20(a) of the Securities Act and Section 21(a) of the Exchange Act, that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 19(c) of the Securities Act and Section 21(b) of the Exchange Act, that for purposes of such investigation, Michele Wein Layne, Alka N. Patel, John W. Berry, Ansu N. Banerjee, Spencer E. Bendell, Marc J. Blau, Robert Conrrad, Victoria A. Levin, Finola H. Manvelian, Diana K. Tani, Kate Zoladz, Melissia A. Buckhalter-Honore, Adrienne Gurley, Mark Lance Jasper, Christopher Nowlin, Patricia Pei, Roberto A. Tercero, Rhoda H. Chang, Christopher Conte, Lorraine Pearson, Maria D. Rodriguez, Carol Shau, Dora Zaldivar, and each of them, are hereby designated as officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

For the Commission, by the Division of Enforcement, pursuant to delegated authority.[1]

Brent J. Fields
Secretary

By: Jill M. Peterson
Assistant Secretary

---

[1] 17 CFR 200.30-4(a)(13)